# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**TYLER WAYNE HENSON**                                                                             **PLAINTIFF**

**v.**                                                                                    **No.: 1:20-cv-00204-JMV**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*                                              **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a December 12, 2019, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled and was not entitled to receive disability insurance benefits and supplemental security income during the adjudicated period. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

### Statement of Facts

On August 3, 2018, and July 19, 2018, respectively, Plaintiff filed applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) payments under the Social Security Act (Act), 42 U.S.C. §§ 401, 1381 et seq., alleging disability beginning

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

on June 27, 2018. Tr. 2 83, 250-64. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 83, 178-96. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"), which was held on December 12, 2019. Tr. 83, 98-139, 201-02. On January 31, 2020, the ALJ issued a decision finding Plaintiff not disabled. Tr. 80-92. Plaintiff requested Appeals Council review of the ALJ's decision. Tr. 13-14. On August 11, 2020, the Appeals Council denied review of the decision. Tr. 6-10. Thus, the ALJ's decision stands as the Commissioner's final decision subject to judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## Analysis

Applying the sequential evaluation process, at step one, the ALJ noted that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of June 27, 2018. Tr. 85. At step two, the ALJ found that "schizophrenia, paranoid type; substance induced psychosis; cannabis use disorder, and alcohol use disorder," were severe impairments. Tr. 85-86. At step three, he concluded that Plaintiff's impairments, either singly or in combination, did not meet or medically equal any impairment for presumptive disability in the Listings, including Listing 12.03 (schizophrenia spectrum and other psychotic disorders). Tr. 86-87.

Next, the ALJ determined that Plaintiff had the RFC to perform work at all exertional levels, but with the following non-exertional limitations:

> The claimant can perform simple routine, repetitive tasks and make simple work-related decisions; can understand, remember, and carry out simple task; can have occasional interaction with coworkers, supervisors, and public; can adapt to occasional and gradually introduced changes in the work environment; and can sustain concentration, persistence, or pace on tasks for 2 hour periods throughout an 8 hour workday

Tr. 87-91.

Although he alleged disabling symptoms, the ALJ found Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 90. At step four, based on the vocational expert's (the "VE") testimony, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 91. Born in 1995, throughout the relevant period, Plaintiff was a younger individual age 18-49, with at least a high school education and an ability to communicate in English, thus, the transferability of his job skills was not material. Tr. 91. At step five, based on the VE's testimony, the ALJ determined that there were unskilled jobs available in significant numbers in the nation for someone sharing Plaintiff's vocational profile and RFC. Tr. 91-92. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). Accordingly, the ALJ found that Plaintiff was not disabled during the relevant period, June 27, 2018, through January 31, 2020. Tr. 25.

The Plaintiff argues that there are three issues before this court: (1) "did the ALJ err in the formation of his RFC; (2) did the ALJ fail to properly evaluate Mr. Henson under Listing 12.03; and (3) did the ALJ Fail to Order a Consultative Examination?" *See generally* Pl. Br.

I.  Issue: 1 Did the ALJ Err in the Formation of his RFC

Plaintiff argues that the ALJ erred in formulating the RFC because the RFC did not exactly mirror the records of Dr Baskin, whose report the ALJ found persuasive. However, Plaintiff cites no authority for this position and the court is aware of none. On the other hand, the ALJ explains at some length his evaluation of the medical records and what information contained therein provides substantial support for his RFC. The ALJ thoroughly addressed the evidence in determining that Plaintiff's impairments still allowed for an RFC for some work at all exertional levels. Tr. 87. He noted that despite Plaintiff's "allegations of debilitating symptoms and restrictions, he has received routine conservative treatment for his severe impairments suggesting

that the symptoms were not as limited as expressed by Plaintiff and diminish the persuasion of those allegations." Tr. 90. The ALJ further emphasized the record does not contain any opinions from treating, examining, or evaluating physicians indicating Plaintiff has limitations substantially greater than those determined in the decision that were not considered.

II. <u>Issue 2: Did the ALJ Fail to Properly Evaluate Mr. Henson under Listing 12.03?</u>

In support of the argument that the ALJ did fail to do so, the Plaintiff again relies on his assertion that a consultive evaluation should have been ordered and the additional records should have been reviewed. His argument appears to be that had this been done, then the ALJ might have found that he met or equaled Listing 12.03. The court finds this argument unpersuasive.

In this case, the Plaintiff failed to show that he met any of, much less all of, the required elements of Listing 12.03. *See* Pl.'s Br. at 13-15. Instead, the Plaintiff relies, at most, on his attorney's stated belief that he "likely met the Listing of 12.03." Pl.'s Br. at 13. Plaintiff's attorney's belief cannot serve as objective medical evidence necessary to support his Listing's argument. *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). Moreover, here, the substantial evidence supports the ALJ's finding that Plaintiff did not meet the specified requirements of any Listing, specifically including Listing 12.03. Tr. 86-87; *contra* Pl.'s Br. at 13-15. Further, the Fifth Circuit has held that an ALJ's failure to even discuss a Listing is not automatically reversible error; instead, the court "must still determine whether this error was harmless." *Audler v. Astrue*, 501 F.3d 446, 448-49 (5th Cir. 2007); Because Plaintiff cannot show that he either met or medically equaled Listing 12.03 during the relevant period of June 27, 2018, through January 31, 2020, any error of articulation by the ALJ at step three amounts to harmless error that does not warrant remand. *See Audler*, 501 F.3d at 448-49.

III.  Issue 3: Did the ALJ Fail to Order a Consultative Examination?

Plaintiff argues that the ALJ did err because "there were no opinions from treating, examining or evaluating physicians" from which to otherwise formulate an RFC or determine whether or not Mr. Henson was disabled. Pl. Br. at 7. But as the Commissioner points out, this is simply inaccurate. The record reflects a number of such records specifically referenced and relied on by the ALJ. Among those were the records of Dr. Baskin, who the ALJ found persuasive, and Dr. Kossman, who the ALJ found not to be. According to the Plaintiff, who in an apparent pivot from his first argument that the ALJ had no such records to rely on, argues the ALJ erred in relying on these doctors' records because they were incomplete, and each doctor made differing findings. As the Commissioner points out however, and as the Appeals Council noted, records outside the period under review such as those the Plaintiff cites to are irrelevant and Plaintiff does not demonstrate how such additional records refute the ALJ's mental RFC.

Further, while it is accurate that an administrative law judge is charged with the responsibility of ensuring that the record is properly developed, and because of the Social Security Administration's duty to develop the medical record fully and fairly, it is reversible error for the administrative law judge not to order a consultative examination when such an evaluation is necessary to make an informed decision, *White v. Barnhart*, 373 F. Supp. 2d 1258 (N.D. Ala. 2005), it is equally accurate that normally, the securing of a consultative examination is in the discretion of the Administrative Law Judge as held in *Pierre v. Sullivan*, 884 F.2d 799 (5th Cir. 1989); 20 C.F.R. §§ 404.1519a (b) (OASDI), 416.9. In this case the ALJ explained in some detail that a consultive exam was not necessary for him to make an informed decision and the Plaintiff has not demonstrated any legal error in his doing so.

For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 8th day of December, 2021.

*/s/*   Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**